# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS, CDCR #V-35389,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JANE L. GILBERT, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　09-1585 WQH (CAB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[Doc. No. 5]** |

## I.
### PROCEDURAL HISTORY

On July 20, 2009, Tyrone Rogers ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion for Appointment of Counsel [Doc. No. 3].

The Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for Appointment of Counsel and *sua sponte* dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* July 30, 2009 Order at 6-7. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of

pleading identified by the Court in its Order. *Id.* at 7. On September 11, 2009, Plaintiff filed his First Amended Complaint ("FAC").

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that

were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, Plaintiff alleges that several San Diego Police Officers conspired to falsify testimony and perjure themselves during Plaintiff's criminal trial which resulted in his criminal conviction.  However, a suit for damages under 42 U.S.C. § 1983 based on alleged constitutional violations during a criminal trial amounts to an attack on the validity of Plaintiff's underlying criminal conviction, and as such, will not be cognizable under 42 U.S.C. § 1983 unless Plaintiff is able to show that his underlying conviction in his criminal case has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.  A civil rights claim challenging the legality of a conviction or the length of confinement that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

/ / /

*Heck* held that "when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck*, 512 U.S. at 487 (emphasis in original). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to re-alleging claims for damages after the underlying conviction has been invalidated. *Edwards*, 520 U.S. at 649; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

If Plaintiff were to succeed on his claims that the defendants conspired to provide perjured testimony, he would necessarily call into question the validity of his conviction and continuing incarceration. Plaintiff has not alleged that he has had his conviction declared invalid as required by *Heck*. Therefore, his First Amended Complaint, once again, fails to state a claim upon which relief may be granted, and this action is subject to dismissal without prejudice.[1] *Heck*, 512 U.S. at 486-87.

In addition, to the extent that Plaintiff seeks monetary damages from the Defendants who were witnesses at his trial for allegedly committing perjury, these Defendants are absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(b)(iii); § 1915A(b)(2). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)). "Witness immunity also extends to conspiracies to commit perjury." *Id.* (citing *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000). *See also Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986).

---

[1] The Court will not convert the present action into a habeas petition due to the implications of the abuse of the writ doctrine. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble*, 49 F.3d at 586.

1    In addition, Plaintiff's claims against the San Diego Deputy District Attorney who
2 prosecuted his criminal action must likewise be dismissed on immunity grounds. *See* 28 U.S.C.
3 § 1915A(b)(2). Criminal prosecutors are absolutely immune from civil damages suits premised
4 upon acts committed within the scope of their official duties which are not administrative or
5 investigative in nature, but rather are "intimately associated with the judicial phase of the
6 criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v.*
7 *Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991).

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's First Amended Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted and for seeking damages against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

(2)    Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED: November 13, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge