# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br><br>　　　　　　Plaintiff,<br>　vs.<br>JANE L. GILBERT, et al.,<br><br>　　　　　　Defendant. | CASE NO. 09cv01585-WQH-DHB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Vacate the November 16, 2009 Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and Motion for Leave to File a SAC (ECF No. 14) filed by Plaintiff Tyrone Rogers.

## I. Background

On July 20, 2009, Plaintiff Tyrone Rogers commenced this action by filing the Complaint in this Court pursuant to 42 U.S.C. section 1983 (ECF No. 1), accompanied by a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a motion to appoint counsel (ECF No. 3). On July 30, 2009, the Court issued an Order, granting the motion to proceed IFP, denying the motion to appoint counsel, and dismissing the Complaint without prejudice for failure to state a claim. (ECF No. 4).

On September 11, 2009, Plaintiff filed the First Amended Complaint, the most recent pleading in this case. (ECF No. 5). The First Amended Complaint alleged that several San Diego Police Officers conspired to falsify testimony and perjure themselves during Plaintiff's criminal trial which resulted in his criminal conviction in 1994. On

November 13, 2009, the Court issued an Order dismissing the First Amended Complaint without prejudice pursuant to 28 U.S.C. sections 1915(e)(2)(b) and 1915A(b). (ECF No. 6). The Court concluded that the First Amended Complaint failed to state a claim because Plaintiff's claims, if successful, "would necessarily call into question the validity of his conviction and continuing incarceration." *Id.* at 4. The Court denied leave to amend and ordered the Clerk of the Court to close the case. On November 16, 2009, the Clerk of the Court entered judgment. (ECF No. 7).

On June 9, 2015, Plaintiff filed a "Motion to Redress (§1343(a)(3)), Dismissal of the First Amended Complaint Under §§ 1983, 1985(3), 1986, Due Process and Equal Protection." (ECF No. 9). Plaintiff contended:

> Due to Plaintiff's insufficient time, access to court, and insufficient resources in Centinela State Prison Law Library, until the installation of valuable computers in 2014, so Plaintiff brings this redress to the Court. Yet Plaintiff in 2009, had already addressed this Court concerning Defendants forgery and conspiracy to imprison him in violation of the due process and equal protection clause of our constitution.
>
> Plaintiff restates his claim with legal authority upon which relief may be granted and in which Defendants are not immune. Since Plaintiff is not asking this Court to reverse his state conviction nor provide compensatory damages, but seek [sic] damages by relief in punitive damages awarded against each defendant, then Plaintiff is not attacking the validity of underlying criminal proceedings. Therefore, Plaintiff does not have to show that his conviction has already been invalidated.

(ECF No. 9 at 5). Plaintiff's motion concluded: "Plaintiff prays that this Court will overturn its decision to also further the justice this state deserves." *Id.* at 10.

On June 19, 2015, the Court issued an Order denying the Motion to Redress. (ECF No. 12). The Order stated: "In order to reopen this case, Plaintiff must file: (1) a motion to vacate the November 16, 2009 Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6); and (2) a motion for leave to file a second amended complaint, accompanied by a proposed second amended complaint." *Id.* at 3. On July 28, 2015, Plaintiff filed the Motion to Vacate the November 16, 2009 Judgment and the Motion for Leave to File a SAC. (ECF No. 14).

**II. Motion to Vacate the November 16, 2009 Judgment**

Plaintiff contends that the Court has discretion to vacate the November 16, 2009

Judgment for "good cause" when "appropriate to accomplish justice." (ECF No. 14 at 2). Plaintiff asserts that the purpose of this motion is "to enable Plaintiff to challenge the legal sufficiency of the Court's decision to dismiss his FAC, and that reasonable time, Rule 60(b)(6), was elapsed before he learned about the extra-ordinary situation he was placed in." *Id.* at 3. Plaintiff contends that the Court should vacate the November 16, 2009 Judgment because "conspiracy is [a] legal basis to state a claim upon which relief may be granted." *Id.*

Plaintiff also contends that he "did not have material available to argue against the Court's 2009 Judgment." *Id.* Plaintiff asserts that he had "out dated" and "limited legal material" to reference until 2014, when Centinela State Prison installed valuable computers. *Id.* Plaintiff asserts that he is continuing to "suffer from Defendant['s] alleged intentional misconduct of alleged conspiracy...." *Id.* at 4.

Federal Rule of Civil Procedure 60(b)(6) provides: "On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "[A] movant seeking relief under Rule 60(b)(6) [must show] 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005) (citations omitted). "The long-standing rule in this circuit is that, 'clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule." *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th Cir. 2001). The Ninth Circuit has articulated the following six factor test for Rule 60(b)(6) motions: (1) whether there has been a change in the law; (2) the movant's exercise of diligence in pursuing his or her claim; (3) the parties' reliance interest in the finality of the case; (4) the delay between the judgment and the motion for Rule 60(b)(6) relief; (5) the closeness of the relationship between the decision resulting in the original judgment and

the subsequent decision that represents a change in the law; and (6) comity. *Jones v. Ryan*, 733 F.3d 825, 838-40 (9th Cir. 2013).

Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting *Ashford v. Seuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

As stated in the Court's June 19, 2015 Order, "[t]o the extent Plaintiff seeks reconsideration of the Court's November 13, 2009 Order, Plaintiff's motion is denied." (ECF No. 12 at 2).

Plaintiff filed the pending motion on July 28, 2015, approximately five and one half years after the First Amended Complaint was dismissed without prejudice and without leave to amend and judgment was entered in this case. First, the Court finds that "the interest in finality" is great where, as here, Plaintiff seeks relief from judgment for the first time approximately five and one half years after dismissal of the First Amended Complaint and judgment. *Lemoge*, 587 F.3d at 1196. Second, although Plaintiff has provided a reason for the delay (outdated and limited legal material), Plaintiff has failed to explain why he was able to file documents in this case from July until September 2009, but unable to do so from September 2009 until June 2015. Third, Plaintiff does not assert that he was unable to "learn earlier of the grounds relied upon" in the Court's November 13, 2009 Dismissal Order. *Id.* Finally, the Court finds that prejudice to the Defendants in this case would be great. Service has not been effectuated in this action, which commenced in 2009, and, if this case were reopened, Defendants would be required to respond to allegations related to conduct that occurred prior to July 2009. The Court concludes that Plaintiff's Rule 60(b)(6) motion is

untimely.

Even assuming that Plaintiff's motion is timely, the Court concludes that Plaintiff has failed to satisfy the Rule 60(b)(6) "extraordinary circumstances" standard. Plaintiff has not shown diligence in pursuing his claim between November 2009 and June 2015 or a change in the law that would justify revisiting the Court's November 13, 2009 Dismissal Order. A five and one half year delay is substantial, and Plaintiff has failed to sufficiently explain this delay.

Plaintiff's Motion to Vacate the November 16, 2009 Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) is denied. Accordingly, Plaintiff's Motion for Leave to File a SAC is also denied.[1]

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion to Vacate the November 16, 2009 Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and the Motion for Leave to File a SAC (ECF No. 14) are DENIED.

DATED: August 25, 2015

**WILLIAM Q. HAYES**
United States District Judge

---

[1] Even if judgment was never entered in this case, leave to amend is not warranted. In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). For the reasons discussed above, undue delay and prejudice weigh against leave to amend. After reviewing the proposed second amended complaint, leave to amend would be futile, for the reasons stated in the Court's November 13, 2009 Dismissal Order.