UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br><br>                                    Plaintiff,<br><br>v.<br><br>JANE L. GILBERT, et al.,<br><br>                                    Defendants. | Case No.:  9-cv-1585-WQH-DHB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Notice Regarding Prison Litigation Reform Act ("PLRA") Filing Fees. (ECF No. 27.)

I.      **BACKGROUND**

On September 14, 2015, Plaintiff filed a Notice of Appeal in this case. (ECF No. 16.)

On October 5, 2015, the United States Court of Appeals for the Ninth Circuit issued an Order stating:

Pursuant to 28 U.S.C. § 1915(b)(1) and (2), however, appellant eventually must pay the full amount of the filing and docketing fees for this appeal. Accordingly, within 21 days after the date of this order, appellant shall complete and file with this court the enclosed prisoner authorization form, which directs the prison officials at appellant's institution to assess, collect, and forward to the court the $505.00 filing and docketing fees for this appeal on a monthly basis whenever funds exist in appellant's account. These fees

1

1   will continue to be collected regardless of the date or manner of disposition
2   of this appeal. *See* 28 U.S.C. § 1915(b)(2), (e)(2).

3   (ECF No. 21 at 1–2.)

4        On October 27, 2015, the United States Court of Appeals for the Ninth Circuit issued
5   an Order stating:

6        Appellant Tyrone Rogers, prison identification number V-35389, has been
7        granted leave to proceed in forma pauperis in this appeal and has completed
         and filed the required authorization form directing the appropriate prison
8        officials to assess, collect, and forward to the district court the filing and
9        docketing fees for this appeal pursuant to 28 U.S.C. § 1915(b)(1) and (2). This
         court hereby assesses an initial filing fee of 20 percent of the greater of (A)
10       the average monthly deposits to the prisoner's account; or (B) the average
11       monthly balance in the prisoner's account for the six-month period
         immediately preceding the filing of the September 14, 2015 notice of appeal.
12       Appellant is not responsible for payment when the funds in appellant's prison
13       trust account total less than $10, but payments must resume when additional
         deposits are made or funds are otherwise available.

14  (ECF No. 22 at 1–2.) Attached to this Order is a Prisoner Authorization Form signed by
15  Plaintiff, acknowledging his understanding that he is "required by statute to pay the full
16  amount of the $505.00 docketing and filing fees for this appeal, regardless of [his] in forma
17  pauperis status, and regardless of the disposition of this appeal." *Id.* at 3.

18       Plaintiff now contends that "CDCR at CMC is charging [him] $505 for both cases
19  when the Court garnished [him] $305 (enclosed I/M Statement Report)." (ECF No. 27 at
20  1.) Plaintiff requests that the Court "rectify CMC so [he] can try paying off the dept [sic]."
21  *Id.* The CDCR Inmate Statement Report attached to Plaintiff's Notice (ECF No. 27)
22  indicates that Plaintiff's original balance for this appeal was $505.00, with an outstanding
23  balance of $399.23 remaining. *Id.* at 2. Upon review, the Court finds no indication in the
24  Report that the Court has already garnished $305.00 from Plaintiff's account. Accordingly,
25  the Court liberally construes Plaintiff's Notice Regarding PLRA Filing Fees (ECF No. 27)
26  as a request to reduce the filing fees imposed under the Prison Litigation Reform Act, 28
27  U.S.C. § 1915.
28

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(b)(1):

[I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

*Id.* (emphasis added). Subsection (b)(2) further requires that:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

While "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action," *id.* § 1915(b)(3), and "[i]n no event shall a prisoner be prohibited from bringing a civil action … for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," *id.* § 1915(b)(4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay … due to the lack of funds available."), nothing in section 1915 provides any authority or mechanism by which the Court may waive or reduce the full payment of the filing fee as required by § 1915(b)(1). *See Avery v. Paramo*, No. 13CV2261 BTM DHB, 2015 WL 5228034, at *3 (S.D. Cal. Sept. 8, 2015); *Wilson v. Cal. Dep't of Corrs.*, No. 13cv1455 BTM (JLB), 2014 WL 634719, at *1 (S.D. Cal. Feb. 18, 2014); *Adams v. Maricopa Cnty. Sheriff's Off.*, No. 10-1558-PHX-RCB (ECV), 2010 WL 4269528, at *1–2 (D. Ariz. Oct. 25, 2010) (denying prisoner's motion to stop withdrawal

3

of monies from his trust account pursuant to 28 U.S.C. § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

Moreover, in *Taylor*, the Ninth Circuit found that because § 1915(b)'s filing fee requirements are "rationally related" to Congress's legitimate interest in "deterring meritless prisoner filings in the federal courts," the statute does not violate a prisoner's right to meaningful access to the courts or his right to equal protection under the law. *Taylor*, 281 F.3d at 848–50.

### III.   RULING OF THE COURT

In this case, the law does not provide the Court with any mechanism by which it can reduce the filing fee obligations Plaintiff incurred when he was granted IFP status as an individual in custody. *See* 28 U.S.C. § 1915(b).

IT IS HEREBY ORDERED that the Notice Regarding PLRA Filing Fees (ECF No. 27) is denied without prejudice.


Dated:  July 7, 2025

Hon. William Q. Hayes
United States District Court